1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAY LEE VAUGHN,                              1:11-CV-01384 GSA HC

             Petitioner,                  ORDER GRANTING RESPONDENT'S
                                             MOTION TO DISMISS
     v.                                    [Doc. #15]

KATHLEEN ALLISON, Warden,                    ORDER DISMISSING PETITION FOR WRIT
                                             OF HABEAS CORPUS

             Respondent.                  ORDER DIRECTING CLERK OF COURT
_____/         TO ENTER JUDGMENT AND CLOSE CASE

                                             ORDER DECLINING ISSUANCE OF
                                             CERTIFICATE OF APPEALABILITY

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  The parties have consented to the jurisdiction of the magistrate judge
pursuant to 28 U.S.C. § 636(c).

## BACKGROUND[1]

     Petitioner is currently in the custody of the California Department of Corrections pursuant to
a judgment of the Superior Court of California, County of Kern, following his conviction by jury
trial on March 26, 2008, of committing a lewd act on a child under the age of fourteen, and burglary
of an inhabited dwelling.  Petitioner was sentenced to serve a total indeterminate prison term of

---

     [1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition,
and the lodged documents in support of Respondent's motion to dismiss.

1    twenty-five years to life.

2          Petitioner thereafter appealed the conviction.  The California Court of Appeal, Fifth

3    Appellate District, affirmed the conviction.  Petitioner then petitioned for review in the California

4    Supreme Court, but review was summarily denied.  Petitioner also filed a petition for writ of habeas

5    corpus in Kern County Superior Court, and the petition was denied.

6          On August 19, 2011, Petitioner filed the instant petition for writ of habeas corpus in this

7    Court raising two claims: 1) Petitioner alleges he received ineffective assistance of counsel because

8    his attorney failed to excuse a juror who was a friend of the county sheriff; and 2) Petitioner alleges

9    the court committed reversible error by instructing the jury with CALCRIM No. 1191.  On

10   January 5, 2012, Respondent filed a motion to dismiss the petition as a mixed petition containing

11   exhausted and unexhausted claims.  On January 25, 2012, Petitioner filed an opposition to

12   Respondent's motion to dismiss.

13                                          **DISCUSSION**

14   A.  Procedural Grounds for Motion to Dismiss

15         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

16   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

17   entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules

18   Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the

19   attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth

20   Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

21   exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing

22   § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d

23   599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

24   Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's

25   motion for dismissal pursuant to its authority under Rule 4.

26   B.  Exhaustion of State Remedies

27         A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

28   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

1  exhaustion doctrine is based on comity to the state court and gives the state court the initial

2  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

3  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982);  Buffalo v. Sunn, 854 F.2d 1158,

4  1163 (9th Cir. 1988).

5      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

6  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

7  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

8  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

9  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

10  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

11  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

12      Additionally, the petitioner must have specifically told the state court that he was raising a

13  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

14  (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

15  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

16  reiterated the rule as follows:

17      In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
       of state remedies requires that petitioners "fairly presen[t]" federal claims to the

18     state courts in order to give the State the "'opportunity to pass upon and correct
       alleged violations of the prisoners' federal rights" (some internal quotation marks

19     omitted). If state courts are to be given the opportunity to correct alleged violations of
       prisoners' federal rights, they must surely be alerted to the fact that the prisoners

20     are asserting claims under the United States Constitution. If a habeas petitioner
       wishes to claim that an evidentiary ruling at a state court trial denied him the due

21     process of law guaranteed by the Fourteenth Amendment, he must say so, not only
       in federal court, but in state court.

22
   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

23
       Our rule is that a state prisoner has not "fairly presented" (and thus

24     exhausted) his federal claims in state court *unless he specifically indicated to
       that court that those claims were based on federal law.* See Shumway v. Payne,

25     223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
       Duncan, this court has held that the *petitioner must make the federal basis of the*

26     *claim explicit either by citing federal law or the decisions of federal courts, even
       if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889

27     (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
       underlying claim would be decided under state law on the same considerations

28     that would control resolution of the claim on federal grounds. Hiivala v. Wood,

1    195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31
     (9th Cir. 1996); . . . .

2            In <u>Johnson</u>, we explained that the petitioner must alert the state court to
     the fact that the relevant claim is a federal one without regard to how similar the
3    state and federal standards for reviewing the claim may be or how obvious the
     violation of federal law is.

4
     <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).
5
           In the instant federal petition, Petitioner raises two grounds for relief.  Respondent concedes

6    that Petitioner's second ground alleging instructional error is exhausted; however, Respondent

7    argues that the first ground alleging ineffective assistance of counsel has not been presented to the

8    California Supreme Court and is therefore unexhausted.  The Court has reviewed the petition for

9    review filed with the California Supreme Court.  The second ground was not presented and is

10   therefore unexhausted.

11
           The instant petition is a mixed petition containing exhausted and unexhausted claims.  The
12
     Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust
13
     the claims if he can do so.  <u>See</u> <u>Rose</u>, 455 U.S. at 521-22.
14
     C.  Certificate of Appealability
15
           A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
16
     district court's denial of his petition, and an appeal is only allowed in certain circumstances.  <u>Miller-</u>
17
     <u>El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue
18
     a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:
19
         (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
20       district judge, the final order shall be subject to review, on appeal, by the court
         of appeals for the circuit in which the proceeding is held.
21
         (b) There shall be no right of appeal from a final order in a proceeding to test the
22       validity of a warrant to remove to another district or place for commitment or trial
         a person charged with a criminal offense against the United States, or to test the
23       validity of such person's detention pending removal proceedings.

24       (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
                appeal may not be taken to the court of appeals from–
25
                 (A) the final order in a habeas corpus proceeding in which the
26               detention complained of arises out of process issued by a State
                 court; or
27
                 (B) the final order in a proceeding under section 2255.
28

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE[2];

3) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

---

[2]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1    4) The Court DECLINES to issue a certificate of appealability.

2

3        IT IS SO ORDERED.

4    **Dated:**    **February 13, 2012**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28